IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on briefs December 13, 2011

## MICHAEL J. DENSON v. DAVID A. SEXTON, WARDEN

**Appeal from the Criminal Court for Johnson County**
**No. 5882      Robert E. Cupp, Judge**

---

**No. E2011-01471-CCA-R3-HC-FILED-OCTOBER 31, 2012**

---

The petitioner, who stood convicted following a guilty plea to numerous crimes including aggravated kidnapping, brought a petition for habeas corpus claiming that the trial court was without jurisdiction to enter a pretrial order amending one count of his indictment from a charge of especially aggravated kidnapping to a charge of aggravated kidnapping. Consequently, he urged that his conviction for aggravated kidnapping was void. The habeas corpus court granted the State's motion to dismiss the petition on the grounds that the petitioner's claims, if sustained, would merely render his judgment voidable, not void. On appeal, the petitioner claims that the trial court violated his due process right to fair and impartial review by failing to accurately grasp the merits of his claims and including non-germane material in its order. After review, we conclude that the habeas corpus court's order did fairly address his claims and did not violate his due process rights. Consequently, the judgment below is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Michael J. Denson, *pro se*, for the appellant.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS AND PROCEDURAL HISTORY

On February 5, 2007, the petitioner, Micheal J. Denson, pled guilty to numerous charges including aggravated kidnapping. He was sentenced to a total effective sentence of fourteen years and did not file a direct appeal. On November 24, 2010, the petitioner filed a petition for writ of habeas corpus alleging that his indictment was deficient with regard to the kidnapping count to which he had pled guilty and that the trial court did not have jurisdiction to amend that count from especially aggravated kidnapping to the lesser included offense of aggravated kidnapping, as it had sought to do via pretrial order. The State promptly filed a motion to dismiss, which was granted by the habeas corpus court on June 8, 2011. The habeas corpus court's order reads in full:

> This matter came before the Court upon the respondent's motion to dismiss the petition for writ of habeas corpus. After a review of the petition, the motion to dismiss, and the entire record in this matter, it appears to the court that the motion to dismiss is well-taken. The petitioner's claims, if sustained, would render the judgment voidable, not void. Moreover, even if the petitioner's claim under the Interstate Compact on Detainers would render the judgment void, the petitioner has failed to establish a violation of the compact. Therefore, it is hereby ORDERED that the respondent's motion is GRANTED and the petition is hereby DISMISSED.
>
> The Clerk of this court is directed to send copies of this Order per the certification.

The petitioner filed a timely notice of appeal, and we proceed to address his claims.

## ANALYSIS

The petitioner's appellate brief contains three separate claims: (1) that the trial court erred by dismissing his petition "based on an inaccurate grasp of the merits," (2) that the trial court erred by stating that its dismissal was based on the record and filings in this matter when the merits of the petitioner's claim had "absolutely nothing to do with the Interstate Compact on Detainers," and (3) that for these reasons he did not receive a fair and impartial review of his petition for habeas corpus relief. The crux of the petitioner's argument is that the two sentences in the trial court's order that reference the Interstate Compact on Detainers reveal that the trial court never fairly considered and adjudicated his claim. It appears to us from our review of the record that the petitioner is correct in his assertion that the habeas corpus court included in its order some discussion of an issue that was not germane to the resolution of any legal claim that he had raised.

The habeas corpus court's order states that the petitioner's claims were being

-2-

dismissed because his allegations, even if proved, would merely serve to render his conviction voidable, not void. Therefore, his claims are not cognizable in a habeas corpus case. *See Archer v. State*, 851 S.W.2d 157, 163-64 (Tenn. 1993). Stricken of its non-germane material, the court's order still contains enough of its reasoning to permit the petitioner to surmise the basis of its ruling and provides a fair basis for appeal of the issue.

Regardless, on appeal, the petitioner does not raise any challenge to the habeas corpus court's conclusion that his claims, if proved, would still fail to render his conviction void. Nor do we discern any obvious error in the lower court's ruling. It is well-established that habeas corpus relief is only available if "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Archer*, 851 S.W.2d at 164 (internal quotations omitted). However, it appears from the record that the petitioner's judgment was entered by a court of competent jurisdiction, and his sentence has not expired. Consequently, the petitioner is entitled to no relief.

**CONCLUSION**

For the foregoing reasons, the judgment of the habeas corpus court is affirmed.

_____

JOHN EVERETT WILLIAMS, JUDGE